UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 09 Cr. 674 (LAP) |
| -against- | ORDER |
| OSHRAT PORTOLYONI, | |
| Defendant. | |

LORETTA A. PRESKA, Senior United States District Judge:

Before the Court is Oshrat Portolyoni's letter motion to vacate her guilty plea and dismiss the indictment based on Ms. Portolyoni's inability to obtain a visa to enter the United States for her sentencing and the Government's purported "effective abandonment of this case."  (Defendant's Letter Motion to Vacate and Dismiss ("Def. Letter") at 3 [Dkt. no. 279 in 09 Cr. 674].) Alternatively, defense counsel suggested a "proposal -- proffered several years ago -- to sentence Ms. Portolyoni virtually, perhaps, from the U.S. Embassy in Israel."  (Id. at 2.)  The Government objects to Ms. Portolyoni's motion for vacatur and dismissal and "requests that the Court set a date for sentencing." (Government's Reply ("Gov. Reply") at 1.)  The Government does not object to the Defendant's appearing remotely for her sentencing.  (Id.)

The Court denies Ms. Portolyoni's motion for vacatur and dismissal.  Furthermore, the Court will permit Ms. Portolyoni to

1

appear remotely via videoconference for her sentencing if she consents to such a proceeding. The parties shall confer as to the possibility of remote sentencing and report to the Court by letter no later than September 25, 2020.

I. BACKGROUND

Ms. Portolyoni was arrested in Israel in July of 2009 and extradited to the United States the following year. (Def. Letter at 1.) Following her guilty plea to telemarketing and wire fraud charges in July 2010, Ms. Portolyoni remained in custody. (Id.) After serving 21 months in custody, the Court granted permission for Ms. Portolyoni to return to Israel to await sentencing in April 2011. (Id.) Ms. Portolyoni's bail conditions include a requirement that she return to the United States for her sentencing. (Gov. Letter at 1.)

Ms. Portolyoni's sentencing was scheduled for October 2015 and then rescheduled to January 2018. (Id.) The Government maintains that it did not learn until shortly before the January 2018 sentencing that Ms. Portolyoni did not have a valid visa to travel to the United States for her sentencing. (Id.) The Court, therefore, adjourned the 2018 sentencing proceeding. (Id.)

Ms. Portolyoni asserts that she "has repeatedly been told that the [United States] will not issue her a visa" to return to New York for her sentencing, "because of her pending criminal case in the SDNY." (Def. Letter at 2.) Ms. Portolyoni, understandably,

2

wishes "to conclude her pending federal matter," (id. at 2-3), but as a result of this circular bureaucratic conundrum, asserts that her life has "been in a permanent state of 'Hold' as this albatross has weighed her down since 2009." (Id. at 3.)

The Government denies that it has abandoned the case, saying there is more to the story.  Specifically, in response to learning about Ms. Portolyoni's inability to obtain a visa, the Government began the process of applying for a "Significant Public Benefit Parole that would allow Ms. Portolyoni to travel temporarily to the United States for purposes of sentencing." (Gov. Letter at 2.)  However, Ms. Portolyoni failed to obtain such a parole because she has an expired Israeli passport, for which she, apparently, has made no effort to renew. (Id.)  Furthermore, the Defendant has informed the Government that she is currently unable to leave Israel because of pending debt collection proceedings against her. (Id.)

The Government does not object to Ms. Portolyoni's appearing remotely for her sentencing "[i]n light of these circumstances" and further "compounded by the COVID-19 pandemic and its effects on travel and court proceedings generally." (Id.)  Indeed, the Court is currently operating under standing orders in response to the ongoing COVID-19 pandemic. (See Second Amended Standing Order re: Video Teleconferencing and Telephone Conferencing for Criminal

Proceedings ("Second Amended Standing Order"), dated September 16, 2020 [dkt. no. 3 in 20 Misc. 176].)

II. LEGAL STANDARD

Federal Rule of Criminal Procedure 32(b)(1) directs this Court to "impose [a] sentence without unnecessary delay." Fed. R. Crim. P. 32(b)(1). The history of the Rule "demonstrates that the Rules set forth no rigid timeline for sentencing. Rather, the decision of when to impose sentence is in the sound discretion of the trial court. Sentencing need not occur immediately after trial or plea." United States v. Flowers, 983 F. Supp. 159, 170 (E.D.N.Y. 1997) (JBW).

A defendant has a Fifth Amendment due process right to be present at sentencing. (See Morales v. United States, 651 F. App'x 1 at *4 (2d Cir. 2016) (Summary Order). Under Federal Rule of Criminal Procedure 43, a defendant "must be present" at sentencing. (See Fed. R. Crim. P. 43(a)(3).) "Notably, Rule 43 expressly permits a defendant to waive his presence at sentencing for misdemeanors. The Rule has no similar provision for a felony sentencing." United States v. Harry, No. 19 Cr. 535, 2020 WL 1528000, at *1 (E.D.N.Y. Mar. 31, 2020) (DLI). However, pursuant to the recently passed Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), felony sentencings may be conducted by video or phone conference when:

> (1) such hearings cannot be conducted in person without seriously jeopardizing public health and safety; (2) the district judge in a particular case finds for specific reasons that the plea or sentencing in that case cannot be further delayed without serious harm to the interests of justice; and (3) upon consent of the defendant after consultation with counsel.

United States v. Cohen, No. 19 Cr. 741 (WHP), 2020 WL 2539115 at *1 (S.D.N.Y. May 19, 2020) (internal quotations omitted) (citing CARES Act, Pub. L. 116-136 §§ 15002(b)(2), (4)). "By authorizing judges to conduct sentencings via videoconference, the CARES Act recognizes the importance of judicial proceedings moving forward in a time of great uncertainty." Id. at *3. Furthermore, in March of this year, "the Judicial Conference of the United States found that emergency conditions due to COVID-19 have materially affected and will affect the functioning of the federal courts." Id. Soon thereafter, the Chief Judge of this District issued a standing order which "found that felony sentencings could not be conducted in person without seriously jeopardizing public health and safety." Id. (citing Standing Order for Video Teleconferencing and Telephone Conferencing for Criminal Proceedings, dated Mar. 30, 2020, [dkt. no. 1 in 20 Mc. 176]). The Chief Judge of this District for the second time extended that standing order for a period of ninety days on September 16, 2020. (See Second Amended Standing Order.)

III.  DISCUSSION

The Court finds that the Government has made a sufficient showing that it has complied with the Court's discretionary sentencing "timeline," pursuant to Criminal Rule 32.  Flowers, 983 F. Supp. at 170.  The Government's non-abandonment of this case is evident merely from the Government's most recent request for a sentencing date.  (See Gov. Letter at 1.)

On the other hand, the Court agrees with the Government that it is "inappropriate for Ms. Portolyoni to attempt to use her bail status, which permitted her to travel to Israel . . . conditioned on her agreement to return for sentencing, now to argue for the dismissal of charges based on her inability to live up to that bail condition." (Gov. Letter at 2.)  The Court acknowledges that the Defendant's visa situation presents procedural and logistical issues--issues no doubt compounded by layers and layers of red tape--which hinder the Defendant's ability to be present for her sentencing.  Nonetheless, Ms. Portolyoni has impeded the Government's proposed solution of granting the Defendant a Significant Public Benefit Parole to travel to the United States by failing to renew her Israeli passport.  In addition, Ms. Portolyoni's inability to leave Israel due to her ongoing debt proceedings in no way compels the conclusion that the Government has abandoned its case.  (Def. Letter at 2.)

6

Furthermore, while the various COVID-19 protocols implemented by the Southern District of New York make in-person court appearances safer, that Ms. Portolyoni would have to travel internationally to attend an in-person sentencing leads the Court to conclude that an in-person sentencing cannot be conducted without seriously jeopardizing public health and safety.

The Court also finds that the "sentencing in this case cannot be further delayed without serious harm to the interests of justice." Cohen, 2020 WL 2539115, at *3. "Moving forward with [Ms. Portolyoni's] scheduled sentencing promotes judicial economy by preempting the parties' inevitable motions to this Court requesting further scheduling changes." Id. As such, the Court will permit the Defendant to appear for her sentencing by video conference, or if unavailable, teleconference--pursuant to the CARES Act and the local standing orders.[1]  (See Second Amended Standing Order).  The Government and defense counsel shall confer about conducting Ms. Portolyoni's sentencing remotely via videoconference, most importantly, about whether she consents to such a proceeding, see supra n. 1, and report to the Court by letter no later than September 25, 2020 the status of their discussions.

---

[1] Prior to commencing a virtual sentence of the Defendant, the Court requires, after consultation with counsel, the Defendant's written or verbal consent to her virtual participation in the hearing.

7

IV. <u>CONCLUSION</u>

For the forgoing reasons, the Defendant's motion to vacate her guilty plea and dismiss the indictment is denied.  Furthermore, Ms. Portolyoni is permitted to appear for her sentencing remotely via videoconference if she so consents.  The Government and defense counsel shall confer about conducting Ms. Portolyoni's sentencing remotely, most importantly, whether she consents to such a proceeding, <u>see</u> <u>supra</u> n. 1, and report to the Court by letter no later than September 25, 2020 the status of their discussions.

**SO ORDERED.**

Dated:    New York, New York
          September 18, 2020

                                            _____
                                            LORETTA A. PRESKA
                                            Senior United States District Judge